[No. 31894.  Department Two.  May 22, 1952.]

PRIESTLEY MINING & MILLING COMPANY, *Appellant*, v. EARNEST BRATZ *et al.*, *Respondents.*[1]

*Tracy E. Griffin, Kenneth P. Short,* and *Paul R. Cressman,* for appellant.

*Carl F. Christophersen,* for respondents.

[1]Reported in 244 P. (2d) 665.

SCHWELLENBACH, C. J.—This is an appeal from a judgment dismissing an action to quiet title in the plaintiff to certain mining claims known as the "Black Hawk" and "Black Hawk Extension" claims located north of North Bend in King county.

This action was consolidated for trial with another action entitled, "Mary Jones v. Priestley Mining & Milling Co.," involving title to the Mt. Phelps group of claims, contiguous to the Black Hawk group. The record consists of 1,130 pages of testimony, and seventy-five exhibits. Included in the latter are maps, pictures, proofs of filing claims, proofs of labor, etc.

In order to obtain a better understanding of the problems involved in the case on appeal, we briefly outline the facts in the Mary Jones case.

In 1936 or 1937 R. R. Jones located the Mt. Phelps group of claims for himself. He later conveyed his interest in them to J. G. Priestley, who, in turn, organized the Priestley corporation, to which he (Priestley) conveyed his interest. Then in 1943 Jones, contending that there was no evidence of work on the Mt. Phelps claims, located them in the name of Mary Jones, his wife. Priestley had filed proofs of labor based upon the affidavits of Jones. The trial court found that Jones had perjured himself during the trial, and refused to believe any of his testimony which was not corroborated by competent evidence, and dismissed the Mary Jones case with prejudice. No appeal was taken from that judgment, and the status of the Mt. Phelps group of claims is not in question here.

In the case at issue, plaintiff alleged that, in 1939, Priestley located the Black Hawk claims and filed his notices of location thereon; that, in November, 1939, he located the Black Hawk Extension claims, and later filed his notices of location thereon; that, in 1942, he transferred the claims to the Priestley corporation; that, immediately upon locating the claims, he went into possession thereof and remained in possession until he transferred the claims to the corporation, which corporation immediately went into possession

and so remained until it was dispossessed by defendants; that the plaintiff and its predecessor in interest performed all work required by law on and for the benefit of the claims. Plaintiff prayed that it be adjudged to be the owner and entitled to the immediate possession of the claims and that defendants be enjoined from going upon or into possession thereof.

Defendants answered, denying the allegations of plaintiff's complaint, and by way of cross-complaint, alleged that if plaintiff's claims were valid mining claims or locations, they were thereafter abandoned and forfeited prior to the acquisition thereof by defendants; that the amount of labor and other conditions required by law were not performed by plaintiff and its predecessor in interest; that, prior to October, 1943, R. R. Jones made discovery of minerals and located and filed notices of location on the Black Hawk claims; that subsequent thereto Bratz and Andrews relocated thereon in the manner required by law; that subsequently the same procedure (by Jones and later by Bratz and Andrews) was followed as to the Black Hawk Extension claims; that later Jones, Bratz and Andrews incorporated the Philippi company and then transferred their interests to the corporation; that later, in 1949, the Philippi company relocated the above mentioned claims.

The trial court found that Priestley did not make discovery of minerals on the claims involved and did not post notices of discovery thereon, and did not stake the mining claims or locate them as provided by law; that the plaintiff corporation is not and has not been in physical possession of the claims and has performed no assessment work upon the claims or for the benefit of the claims; that in 1946, *Bratz and Andrews* made discovery of, located and filed location notices on the Black Hawk claims; that, later in 1946, Jones, Bratz and Andrews organized the Philippi corporation and conveyed their interests in the claims to it; that in 1949 the Philippi corporation filed amended relocation notices on the Black Hawk and Black Hawk Extension claims; that the amended relocation notices are valid mining

locations and that the Philippi corporation is the owner thereof, in possession thereof, and has performed work and labor thereon and for the benefit thereof as required by law.

Judgment was rendered dismissing plaintiff's complaint with prejudice; and it was adjudged that plaintiff had no right, title or interest in or to the claims involved, and that the Philippi company was the owner and entitled to the mining claims.

Appellant assigns as error the making and entering of certain findings of fact and conclusions of law, the entry of judgment, the denial of a motion for new trial, the admission of a certain exhibit in evidence, and the permission to respondents, over objection, to amend their pleadings.

Unfortunately for appellant, Mr. Priestley, its president, and Reeves Aylmore, its secretary (at the time the matter in controversy happened), are both deceased. In addition to this, appellant is handicapped because since Mr. Aylmore's death none of his records as secretary of the corporation have been found.

Appellant contends that the trial court, after finding R. R. Jones to be a perjurer in the Mary Jones case, relied upon his testimony in the case at bar to find that Priestley did not make discovery of minerals, did not post discovery notices, and did not locate the claims as provided by law. There were credible witnesses, interested perhaps, but still credible, who testified that they were over the area in question at various times, and saw no evidence that Priestley posted location notices of discovery of minerals or that the mining claims were staked out or that the claims were located as required by law. It is true that Priestley filed location notices for record in the office of the county auditor of King county. However, there is no satisfactory proof in the record of his discovery of minerals.

A location notice is not *prima facie* proof of discovery. In *United States v. Bunker Hill & Sullivan Mining and Concentrating Company*, 48 Interior Dept. Land Decisions 598, 603, it was said:

"The contention that the affidavit required by the Idaho statute in connection with the recorded location notice is

good and *prima facie* evidence of a discovery is not well founded. . . ."

The department then quoted from *Cole v. Ralph*, 252 U. S. 286, 64 L. Ed. 567, 40 S. Ct. 321, upon this precise question:

"The general rule is that such recitals are mere *ex parte*, self-serving declarations on the part of the locators, and not evidence of discovery. [Citing cases.]"

We are satisfied that the record does not clearly preponderate against the trial court's findings as to discovery, posting notices, staking and locating the mining claims as required by law and the findings will not be disturbed. *Coleman v. Davies*, 39 Wn. (2d) 312, 235 P. (2d) 199.

Conceding, for the sake of argument, that Priestley did make discovery of minerals and did stake and locate the mining claims as required by law, the record is replete with testimony that neither he nor appellant corporation performed assessment work upon or for the benefit of the Black Hawk or Black Hawk Extension claims. Witness after witness testified that he was over the area and could find no evidence of assessment work by either Priestley or appellant on, or for the benefit of, the claims in question. There was considerable assessment work done on the Mt. Phelps claims and on the adjoining Lenox group of claims, the latter of which is being operated by the Priestley corporation under a lease with Lenox Mining Company. In a "Proof of Labor" dated June 28, 1950, and signed by Priestley Mining and Milling Co. by Reeves Aylmore, secretary, and by Lenox Mining and Development Co., Inc., by W. W. Felger, president, it was stated that the Priestley company was the owner of all the unpatented claims in the Black Hawk, Black Hawk Extension and Mt. Phelps group of claims and was exercising ownership under lease of the Lenox group of claims. In that proof of claim Aylmore and Felger swore "that the said Priestley Mining and Milling Company has performed labor and made improvements upon the above described mining claims." Nevertheless, Mr. Felger, while testifying in the present case, stated that he had no understanding or agreement that assessment work

done on the Lenox group could apply to the Black Hawk group. We agree with the findings of the trial court as to assessment work.

From our examination of the record we are convinced that the court made these findings without consideration of the testimony of Mr. Jones. It should be noted that, although respondent pleaded that Jones, in 1943, made discovery and located and filed notices of location on the Black Hawk group, and that later the same thing was done by Bratz and Andrews, the trial court made no such finding as to Jones, but did make such finding as to Bratz and Andrews.

In the Mary Jones case, it was held that as between Mrs. Jones and the Priestley company the latter was entitled to the Mt. Phelps group of claims. During the trial of this case it developed that, upon the relocation of the Black Hawk group claims by the Philippi company, two Black Hawk Extension claims overlapped two of the Mt. Phelps claims. Toward the end of the trial, respondent moved to amend its pleadings to show title to these two claims by virtue of a Final Certificate of Mineral Entry, United States Department of the Interior, Bureau of Land Management. Objection was made that the application for patent was made after this suit was commenced, and without notice to appellant. The trial court granted the motion to amend the pleadings and then admitted the Certificate in evidence. After the pleadings were amended the exhibit could properly be admitted over objection.

Rule 6 (2) of Pleading, Practice and Procedure, 34A Wn. (2d) 71, permits the court, at any stage of an action, to allow a pleading to be amended under certain circumstances. In the case of *Walker v. Sieg*, 23 Wn. (2d) 552, 558, 161 P. (2d) 542, in discussing a prior rule identical with this, we said:

"We think it must be admitted that great latitude in permitting the amendment of pleadings is vested in the trial court by Rule 6, and this court, as well as others, has been liberal in construing the powers so vested."

We find no error in allowing the pleading to be amended, nor in the admission in evidence of the exhibit.

The judgment is affirmed.

HILL, HAMLEY, FINLEY, and OLSON, JJ., concur.

July 8, 1952. Petition for rehearing denied.